## MATTER OF LEON

### In Visa Petition Proceedings

### A–19863172

*Decided by Board March 28, 1975*

Under the law of the State of Michoacan, marriage is a civil contract and as such, a civil marriage is required to confer legitimacy on a child. Petitioner was born in 1942 and petitioned to confer immediate relative classification on his father under section 201(b) of the Immigration and Nationality Act. Petitioner's parents were married in a religious ceremony in 1940, but were not married in a civil ceremony until 1966. Thus, since the petitioner was not legitimated until after his eighteenth birthday, he did not meet the requirement specified under section 101(b)(1)(C) of the Act and the immediate relative petition filed on behalf of his father was properly denied. (*Matter of Hernandez*, Int. Dec. No. 2267 (A.G. 1974), distinguished, as the State of Tamaulipas permitted common law marriages).

ON BEHALF OF PETITIONER: Pro se

The United States citizen petitioner applied for immediate relative status for the beneficiary as his parent under section 201(b) of the Immigration and Nationality Act. In a decision dated July 12, 1971, the district director denied the petition on the ground that the petitioner was an illegitimate child who had not been legitimated by the beneficiary, his father, in accordance with section 101(b)(1)(C) of the Immigration and Nationality Act. The petitioner has appealed from that decision. The appeal will be dismissed.

The petitioner has submitted a birth certificate showing that he was born in the State of Michoacán, Mexico on March 26, 1942. His mother and the beneficiary did not go through a civil marriage ceremony until March 3, 1966. By that time the petitioner was nearly 24 years of age and could no longer meet the 18-year age requirement for legitimation in accordance with section 101(b)(I)(C) of the Act.

On appeal, the petitioner has submitted a copy of a "marriage certificate" which shows that the beneficiary and the petitioner's mother entered into a religious marriage in the State of Michoacán, Mexico on June 6, 1940. The petitioner stated that the reason his parents did not enter into a civil marriage at that time was lack of money. He argues that in 1940 a religious marriage was entitled to the same recognition as a civil marriage in the State of Michoacán.

We have received a memorandum concerning the law of the State of Michoacán prepared by the Hispanic Law Division of the Library of Congress in March 1975. The Civil Code of Michoacán, in force since 1936, provides that only marriages performed before the appropriate *civil* authorities in accordance with law shall be valid. Articles 32, 100, and 135 of the Civil Code of Michoacán. The law of Michoacán thus conforms to Article 130 of the Constitution of Mexico of 1917, which provides that marriage is a civil contract within the exclusive competence of the civil authorities.

The laws of Michoacán also provide that a presumption of legitimacy applies to those children born after 180 days from the celebration of a marriage, and also to those born within 300 days following the dissolution of a marriage. Article 282 of the Civil Code of Michoacán. An illegitimate child can be legitimated under the laws of Michoacán only by the marriage of the child's parents combined with acknowledgment of the child by them. Articles 312 and 313 of the Civil Code of Michoacán.

The present case is distinguishable from *Matter of Hernandez*, 14 I. & N. Dec. 608 (A.G. 1974), in which the Attorney General recognized the legitimacy of a child born in the State of Tamaulipas, Mexico of a marriage that had evidently not been contracted in accordance with the civil formalities. The Attorney General's decision was based on provisions of the Civil Code of Tamaulipas which permitted common law marriages.[1] The Library of Congress memorandum states that there were no comparable provisions in effect in Michoacán in 1940 or thereafter.

Since the petitioner was illegitimate and was not legitimated by his father in accordance with section 101(b)(1)(C) of the Act, he cannot successfully petition in behalf of his father. Section 101(b)(2) of the Immigration and Nationality Act; see *Matter of Polidoro*, 12 I. & N. Dec. 353 (BIA 1967). The district director's decision was correct. The appeal will be dismissed.

ORDER: The appeal is dismissed.

## APPENDIX

### PROVISIONS OF THE CIVIL CODE OF MICHOACAN

(Source: Library of Congress memorandum dated March 1975.)

---

[1] The last paragraph on page 13 of the Attorney General's decision in *Matter of Hernandez* originally indicated that the Attorney General was relying, in part, upon the Federal Mexican Civil Code. However, in a memorandum dated February 14, 1975, we were informed by the Service that the words "the Federal Mexican Civil Code" were apparently a typographical error, and that the citation should read "the Civil Code of the State of Tamaulipas." The memorandum also indicated that action would be taken to correct the error in the printed volume of decisions.

*Article 32.* The civil status of natural persons shall be proved solely by the acts recorded in the civil registry. No other document nor proof is admissible to prove the civil status of natural persons, except those authorized by law.

*Article 100.* At the place and time set for the performance of the marriage, there shall be present before the Official of the Civil Registry the contracting parties or their specially appointed proxy and two witnesses for each party capable of attesting to their identity.

The Official of the Civil Registry shall read aloud the marriage application, documents attached thereto, and any other diligence effected, and he shall ask the witnesses if the contracting parties are the same persons mentioned in the application form. If the answer is in the affirmative, he shall ask the contracting parties if it is their will to be united in marriage, and if they agree, he shall pronounce them united in the name of the law and society.

*Article 135.* Marriage must be performed before the officials established by law and with the legal formalities.

*Article 282.* The following are presumed to be children of the spouse:

1) Those born after 180 days from the celebration of the marriage.

2) Those born within the 300 days following the dissolution of the marriage. . . .

*Article 312.* The subsequent marriage of the parents regards their children born out of wedlock as if born in wedlock.

*Article 313.* In order that the child enjoy the right granted to him in the preceding article, his parents must expressly acknowledge him before the performance of their marriage, in the act of marriage or while their marriage lasts. In any instance, acknowledgment may be effected by the parents together or separately.